UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUSIANA

| AMERICAN RIVER TRANSPORTATION CO., LLC d/b/a ARTCO STEVEDORING | CIVIL ACTION NO.: 19-2673 <br> Admiralty – Rule 9(h) |
|---|---|
| VERSUS | SECTION ___ | DIVISION ___ |
| M/V ORIENT RISE, her engines, tackle, apparel, etc., *in rem* | JUDGE |
| | MAGISTRATE |

## **COMPLAINT**

The Complaint of Plaintiff, American River Transportation Co. LLC d/b/a ARTCO Stevedoring ("ARTCO Stevedoring"), against Defendant, M/V ORIENT RISE, her engines, tackle, apparel, etc., *in rem*, in a cause of action under 46 U.S.C. § 31342 and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, avers as follows:

1.

At all times hereinafter, Plaintiff, ARTCO Stevedoring, was and is now a limited liability company duly organized under the laws of the State of Delaware with its principal place of business in the State of Illinois, doing business within the State of Louisiana.

2.

At all times hereinafter, Defendant, M/V ORIENT RISE (the "Vessel"), was and is now a bulk carrier bearing IMO No. 9427342 with an overall length of 190 meters, a breadth of 32.3 meters, and flying under the flag of Panama. The vessel is or will be in the jurisdiction of the Eastern District of Louisiana but just departed from the mile 121 berth described herein.

3.

This is a claim, *in rem*, under the maritime jurisdiction of the United States and this Honorable Court in accordance with 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4.

ARTCO Stevedoring owns and operates a mid-stream buoy berth located at Mile 121 AHP, Lower Mississippi River. This berth provides dockage for ocean going vessels to unload cargo.

5.

On or about March 5, 2019, The Vessel entered the ARTCO Stevedoring berth in order to unload its cargo. Prior to entering the berth, the Master of the Vessel and the agent for the Vessel signed an Application for Berth Ocean Going Vessels ("Berth Application") on behalf of the Vessel and its owners/operators in which the Vessel and its owners/operators agreed to follow and comply with all rules and regulations of American River Transportation Co. LLC d/b/a ARTCO Stevedoring Published Ship Mooring & Associated Fees and Rules ("ARTCO Stevedoring Rules").

6.

In relevant part, the ARTCO Stevedoring Rules provide the following:

> The signed Application for Berth, when received by the facility or berth with delivery of other documents set out in this paragraph II. C, and/or the use of the facilities and services, and/or the mooring and/or anchoring of the vessel, shall constitute a contract between ARTCO STEVEDORING and the vessel and the User to abide by the rules and regulations of and to be jointly and severally liable for all charges of whatsoever kind or nature in this document and for any liabilities arising therefrom. All charges incurred by the vessel and Users, as set forth in this document, shall be the responsibility of and payable by the representative of the vessel and/or User that files the Application for Berth.

…

> If an any time a vessel stops or delays the facility or berth vessel loading or unloading operations for any reason, whether caused by the vessel or otherwise, except for cases caused by the facility or berth's inability to load or unload, a dockage charge of $7,500 per hour, or fraction thereof, shall be assessed against the vessel, its Owner/s, Operator/s, Charterer/s, and/or Agent/s, as liquidated damages, in addition to other charges within this document.

…

> Vessel shall vacate the berth within three (3) hours of completion of cargo operations. If the vessel refuses or fails to vacate the berth within three (3) hours after cargo operations are complete, ARTCO STEVEDORING shall be entitled to charge and recover as liquidated damages, the sum of $7,500.00 per hour for each hour or fraction thereof, regardless of any intervening circumstances of any nature, until the vessel sails from the berth.

7.

On or about March 7, 2019, while the Vessel was at ARTCO Stevedoring's berth, it lost its starboard anchor when its starboard anchor chain broke, blaming the berth, which is denied. Upon information and belief and without notice to Artco Stevedoring, the Vessel previously lost a different starboard anchor at Magnolia Anchorage in the Mississippi river near mile 46 a.h.p in the Eastern District of Louisiana on or about February 26, 2019 during the same voyage because the starboard anchor chain failed. The managers/crew of the Vessel replaced its anchor but on information and belief, kept the same anchor chain in use. The ship sailed to the mile 121 berth where the same chain failed a second time because it was not reasonably fit for its purpose. In response to the Vessel losing its anchor at ARTCO Stevedoring's berth, the U.S. Coast Guard issued a Captain of the Port Order requiring, among other things, that the Vessel owner/operator submit a written salvage plan documenting how the anchor will be located and recovered. If the anchor is still in the berth, ARTCO Stevedoring is entitled to recover removal costs and security for any contingent liability due to this ship leaving its anchor in the Mile 121 Berth if it has not

been recovered in addition to berth charges estimated to be $1,200,000. After it lost its second anchor in the Mile 121 Berth, the ship was shifted to a different berth with tugs and after putting a third starboard anchor on the ship, it returned to the same berth to complete discharge.

8.

On or about March 16, 2019, the Master of the Vessel refused to allow ARTCO Stevedoring's crane barge alongside the Vessel in order to unload the cargo. ARTCO Stevedoring was ready and able to unload the cargo from the Vessel, but the Master's refusal to allow the crane barge alongside the Vessel prevented it from doing so. Upon information and belief, the delays occurred at various times due to issues aboard the ship including its unseaworthiness or factors otherwise not related to the berth.

9.

The Vessel completed unloading cargo at approximately 10:15 am on March 19, 2019.

10.

ARTCO Stevedoring presented invoices and demanded payment of charges before departure of the ship from the berth to no avail. While in the berth, the Vessel incurred charges for several services including, but not limited to, dockage services, launch boat services, tug services, and line handling services. The ship sailed from the berth on the evening of March 20, 2019, without paying any of the outstanding berth fees of at least $1,200,000. While some effort was made to remove the anchor that day, ARTCO Stevedoring neither had confirmation it was removed nor security for its contingent liability if it was not removed.

11.

Pursuant to the Berth Application and the ARTCO Stevedoring Rules, the Vessel is obligated to pay for services provided to the Vessel in the berth and the charges for the delay in

- 5 -

unloading cargo, together with court costs, expenses and attorney fees incurred by ARTCO Stevedoring. Moreover, ARTCO Stevedoring has a maritime lien against the Vessel, as the damages claimed herein arise from ARTCO Stevedoring's provision of necessaries to the Vessel pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31342 *et seq*. and maritime tort.

12.

ARTCO Stevedoring is entitled to have the Vessel seized and sold, and further to have the charges paid in preference and priority to other claims. The Tariff provides for attorney fees for enforcement of the tariff which likewise should be awarded in this matter.

13.

ARTCO prays for an Order allowing immediate discovery before the evidence leaves the jurisdiction.

WHEREFORE, ARTCO Stevedoring prays that:

1. A Warrant of Arrest be issued calling for the Vessel to be seized to satisfy Plaintiff's claims and that the Warrant of Arrest and the Verified Complaint be served upon the Vessel, *in rem*;

2. All persons claiming any right, title, or interest in the Vessel her engines, boilers, tackle, appurtenances, etc., be summoned to appear, file their claim, as owner, and to answer under oath all and singular the matters aforesaid, and that after due proceedings, said Vessel be condemned and sold to pay the demands aforesaid, with interest costs, and disbursements;

3. That the Court recognize a maritime lien for necessaries against the Vessel, *in rem*, in favor of ARTCO Stevedoring in the amount of $1,200,000.00;

4. That the court also recognize a maritime tort lien against the Vessel for any cost and expenses incurred by ARTCO Stevedoring due to indemnity for the anchor and for costs in recovering the anchor or proof it was in fact removed when the ship left the berth;

5. That Judgment be entered in favor of ARTCO Stevedoring against the Vessel, *in rem*, at least in the amount of at least $1,200,000, plus any amount for costs and expenses incurred by ARTCO Stevedoring due to indemnity for costs in recovering the anchor and delays together with all other amounts shown at trial including, but not limited to, interest, any other potential contingent liability ARTCO may face if the Vessel's anchor was left in ARTCO Stevedoring's berth, attorney fees, and any costs and expenses incurred by ARTCO Stevedoring, and that this Judgment be recognized as a priority claim based upon the Federal Maritime Lien Act so that it is paid in preference and priority to all other claims of liens including any ship mortgage(s);

6. That leave be granted to increase or decrease the amount demanded as more information is known.

Respectfully submitted:

S<small>ALLEY</small> H<small>ITE</small> M<small>ERCER</small> & R<small>ESOR</small>, LLC

*/s/ Kevin M. Frey*
DAVID M. FLOTTE T.A. (#1364)
KEVIN M. FREY (#35133)
365 Canal Street, Suite 1710
New Orleans, Louisiana 70130
Tel.:  (504) 566-8800
Fax:  (504) 566-8828
dflotte@shmrlaw.com
kfrey@shmrlaw.com

*Counsel for Plaintiff,*
*American River Transportation Co., LLC*
*d/b/a ARTCO Stevedoring*

**PLEASE SERVE AND ARREST:**

**M/V ORIENT RISE**, her engines, tackle, apparel, etc., *in rem,* with the Complaint and Verification.