UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUSIANA

| AMERICAN RIVER TRANSPORTATION CO., LLC d/b/a ARTCO STEVEDORING | CIVIL ACTION NO.: 2:19-cv-02673 Admiralty – Rule 9(h) |
|---|---|
| VERSUS | SECTION G \| DIVISION 3 |
| M/V ORIENT RISE, her engines, tackle, apparel, etc., *in rem* | JUDGE BROWN |
| | MAGISTRATE DOUGLAS |

## MOTION FOR MISCELLANEOUS DISCOVERY RELIEF REGARDING THE ATTENDANCE OF OTHER INTERESTED PARTIES AT CREW DEPOSITIONS

NOW INTO COURT, through undersigned counsel, comes American River Transportation Co., LLC d/b/a ARTCO Stevedoring ("ARTCO Stevedoring") who moves this Honorable Court for miscellaneous discovery relief regarding allowing the attendance of other interested parties at the depositions of crew members of the M/V ORIENT RISE. ARTCO Stevedoring filed this suit asserting a maritime lien against the M/V ORIENT RISE for unpaid necessaries provided to the vessel, including but not limited to dockage, towage, and stevedoring services. ARTCO Stevedoring also asserted a lien against the M/V ORIENT RISE for the anchor that the vessel lost in ARTCO Stevedoring's berth causing the berth to be shut down to other vessels and for expenses ARTCO has incurred and continues to incur in its effort to recover the M/V ORIENT RISE's anchor. See Rec. Doc. 1 and 13. A Warrant of Vessel Arrest (Rec. Doc. 8) was issued per the Court's order and the vessel was arrested on March 22, 2019. The vessel is still currently under arrest.

On the same day as its Complaint was filed, ARTCO Stevedoring also filed a Motion to Expedite Discovery (Rec. Doc. 5) in order to depose certain crew members of the M/V ORIENT RISE and to request certain documents and electronic data of the vessel. The hearing on this

Motion to Expedite Discovery was set for March 25. See Rec. Doc. 10. Though ARTCO Stevedoring is the only party who has appeared before the Court in this matter, counsel for ARTCO Stevedoring was contacted by counsel for the protection and indemnity club of the M/V ORIENT RISE, Patrick O'Leary of Frilot LLC regarding ARTCO's request to depose crew members and produced certain vessel documents and he advised that he would work with counsel for ARTCO Stevedoring to produce all documents requested. As a result of this cooperation on behalf of counsel for the protection and indemnity club of the M/V ORIENT RISE, ARTCO Stevedoring's Motion to Expedite Discovery was denied as moot. See Rec. Doc. 12.

Since then counsel for the protection and indemnity club of the M/V ORIENT RISE has produced a number of documents and the depositions of crew members have been set for March 29, 2019 (originally set for March 27, 2019) aboard the M/V ORIENT RISE since the crew members of the vessel lack the proper U.S. visas to come ashore. Prior to the depositions, counsel for ARTCO Stevedoring was contacted by counsel for ADM Intermare, the voyage charterer of the M/V ORIENT RISE for the vessel's call to ARTCO Stevedoring's berth, and Archer Daniels Midland Company, the owners of cargo that were discharged from the M/V ORIENT RISE at ARTCO Stevedoring's berth, who requested that their representatives be able to attend these crew depositions. Counsel for ADM Intermare and Archer Daniels Midland Company further advised that they were eager to attend the depositions as there were disputes within the charter chain between their clients and the time charterers and owners/operators regarding disputed general average and responsibility for charges incurred while at ARTCO Stevedoring's berth. Counsel for ARTCO Stevedoring advised that he had no objection to their representatives' attendance, but they would have to seek the consent of counsel for the protection and indemnity club of the M/V ORIENT RISE as the depositions would take place aboard the vessel.

On March 26, 2019, counsel for ADM Intermare and Archer Daniels Midland Company wrote a letter to Patrick O'Leary requesting that representatives of their clients be allowed to attend the crew depositions. See Exhibit 1, Letter from counsel for ADM Intermare and Archer Daniels Midland Company to Patrick O'Leary. In that letter counsel for ADM Intermare and Archer Daniels Midland Company indicated that these representatives were only there to observe and were not going to actively take part in the depositions, i.e. question the witnesses. However, after receiving instructions from his client, Patrick O'Leary declined the request of counsel for ADM Intermare and Archer Daniels Midland Company for their representatives to attend the deposition. See Exhibit 2, Emails from Patrick O'Leary advising of his client's instructions to decline the request of counsel for ADM Intermare and Archer Daniels Midland Company for their representatives to attend crew depositions.

Under the Federal Rules of Civil Procedure, there is no rule governing who may be allowed to attend a deposition. Under Rule 26(c)(1)(E), a party or person from who discovery is sought may seek a protective order designating person who may be present while conducting, but good cause must be shown. Under Fifth Circuit precedent, "good cause" under Rule 26(c) (1) requires a showing of particular and specific demonstration of facts as to why such an exclusion is necessary. *In re Terra Int'l, Inc.*, 134 F.3d 302,305 (5th Cir. 1998). In this matter, ADM Intermare and Archer Daniels Midland have serious interest in attending the depositions of the crew of the M/V ORIENT RISE as they are involved in disputes with the time charterer and owners of the vessel which involve the vessel's call to ARTCO Stevedoring's berth. The M/V ORIENT RISE's crew are the only persons with first hand knowledge regarding what occurred aboard the vessel while at ARTCO Stevedoring berth. Further, the crew of the M/V ORIENT RISE are foreign nationals, making any attempts by ADM Intermare and Archer Daniels Midland Company to

gather information directly from these crew members at a later date extremely unlikely as any proceeding where their disputes will be heard would most likely not have jurisdiction over the crew members. Thus, ADM Intermare and Archer Daniels Midland Company will be prejudiced by not being allowed to attend these depositions.

Further, the vessel interests have not given any particular reason as to why the representatives of ADM Intermare and Archer Daniels Midland Company cannot attend the crew depositions aboard the M/V ORIENT RISE. They simply declined ADM Intermare and Archer Daniels Midland Company's request to attend. The representatives of ADM Intermare and Archer Daniels Midland Company even advised that they would not take an active role in the depositions, but were they only to observe. Because the representatives of ADM Intermare and Archer Daniels Midland Company are only there to observe, the vessel interests are in no way prejudiced by their attendance at these depositions. However, since the depositions are being held on the M/V ORIENT RISE due to the crews lack of visas, vessel interests hold all the power to prevent these interested parties from attending the deposition aboard their vessel. There has been no showing of particular and specific facts as to why these representatives are being precluded from attending the crew depositions.

WHEREFORE, for the foregoing reasons, ARTCO Stevedoring moves this Honorable Court for an Order allowing the representatives of ADM Intermare and Archer Daniels Midland Company to attend the depositions of the crew of the M/V ORIENT RISE and prevent vessels interest from barring such representatives' attendance.

Respectfully submitted:

SALLEY HITE MERCER & RESOR, LLC

*/s/ Kevin M. Frey*
DAVID M. FLOTTE T.A. (#1364)
MARCELLE P. MOULEDOUX (#30339)
KEVIN M. FREY (#35133)
365 Canal Street, Suite 1710
New Orleans, Louisiana 70130
Tel.:   (504) 566-8800
Fax:   (504) 566-8828
dflotte@shmrlaw.com
kfrey@shmrlaw.com

*Counsel for Plaintiff,*
*American River Transportation Co., LLC*
*d/b/a ARTCO Stevedoring*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2019, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.

/s/ Kevin M. Frey
KEVIN M. FREY