UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMERICAN RIVER TRANSPORTATION CO., LLC d/b/a ARTCO STEVEDORING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2673** |
| **M/V ORIENT RISE, her engines, Tackle, apparel, etc. IN REM** | **SECTION: "G"(3)** |

## ORDER

Pending before the Court is Grace Way Shipping Ltd., Owner of the *in rem* Defendant M/V ORIENT RISE's ("Grace Way") "Emergency Motion to Set Security Pursuant to Supplemental Rule E(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will set the amount of security as described below.

## I. Background

Plaintiff filed a Complaint on March 21, 2019, against Defendant M/V ORIENT RISE (the "Vessel") pursuant to Supplemental Admiralty Rule C.[2] In the complaint, Plaintiff alleges that on or about March 7, 2019, while the Vessel was at ARTCO Stevedoring's berth, the vessel lost its starboard anchor when its starboard anchor chain broke.[3] In the Complaint, Plaintiff requests that the Court recognize a maritime lien for necessaries in the amount of $1,200,000 plus any costs related to indemnity or any contingent liability, including a $7,500 per hour

---

[1] Rec. Doc. 24.

[2] Rec. Doc. 1.

[3] *Id.* at 3.

dockage charge that was continuing to accrue at the time the complaint was filed.[4] On that same day, upon Court order, a warrant was issued for the Marshal of the Eastern District of Louisiana to arrest the Vessel.[5]

On March 27, 2019, Plaintiff filed a First Amended Complaint, maintaining the same factual allegations.[6] The First Amended Complaint again requested a judgment recognizing necessaries, without naming a specific amount of damages, along with related costs for indemnity and contingent liability, including a $7,500 per hour dockage charge that was continuing to accrue at the time the first amended complaint was filed.[7]

On April 3, 2019, the Court granted a motion to intervene filed by Agri Port Services, LLC ("Intervenor").[8] On that same day, Intervenor filed an Intervenor Complaint alleging that Defendant owed it $239,519.27 for services rendered to assist the vessel while it was unloading cargo.[9] On April 5, 2019, upon Court order, a warrant was issued for the Marshal of the Eastern District of Louisiana to arrest the vessel on behalf of Intervenor.[10]

On April 4, 2019, Grace Way filed the instant "Emergency Motion to Set Security Pursuant to Supplemental Rule E(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure."[11] Grace Way also

---

[4] *Id.* at 5–7.

[5] Rec. Doc. 8.

[6] Rec. Doc. 13.

[7] *Id.* at 5–6.

[8] Rec. Doc. 20.

[9] Rec. Doc. 21 at 2.

[10] Rec. Doc. 28.

[11] Rec. Doc. 24.

filed a motion to expedite hearing,[12] which the Court granted setting the motion to set security for expedited hearing on April 5, 2019 at 11:00 a.m.[13] Following the hearing, Plaintiff and Intervenor filed an opposition to the motion.[14] Grace Way also filed a supplemental memorandum in further support of the motion.[15]

## II. Parties' Arguments

### A.    *Grace Way's Arguments in Support of Setting Security*

In its motion, Grace Way requests: (1) that the Court set substitute security in the amount of $1,000,000; and (2) release the Vessel from arrest in this District.[16] Grace Way asserts that pursuant to Supplemental Admiralty Rule E(5)(a), property restrained pursuant to an order of maritime attachment may be released upon the giving of security "sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest."[17]

Grace Way notes that this litigation arises out of the loss of the Vessel's starboard anchor and a portion of the Vessel's starboard anchor chain while Plaintiff's stevedores attempted to discharge cargo from the vessel on March 7, 2019.[18] Grace Way contends that Plaintiff chose to close the berth indefinitely and has failed to mitigate damages.[19] As a result, Grace Way asserts that Plaintiff's claim of damages in the amount of $7,500 per hour from March 20, 2019 through

---

[12] Rec. Doc. 25.

[13] Rec. Doc. 26.

[14] Rec. Doc. 33.

[15] Rec. Doc. 32.

[16]  Rec. Doc. 24-1.

[17] *Id.* at 5.

[18] *Id.* at 3.

[19] *Id.* at 6.

3

the foreseeable future is not a claim that is "fairly stated."[20] Instead, Grace Way asserts that security in the amount of $1,000,000 is enough to secure the claim, as Plaintiff initially demanded only $350,000 in security.[21]

Grace Way also asserts that Plaintiff's position that the value of the vessel is $10,000,000 "ignores reality."[22] Grace Way notes that Plaintiff relies on a valuation from English White Shipping Limited, which states that as of March 22, 2019, "assum[ing] the vessel is free of charter, in seaworthy condition, capable of proceeding under her own power, in average condition for her age and in Class," the sound value would be "about" $10,000,000.[23] Grace Way argues that this valuation does not take into account the fact that the Vessel is under arrest and considered security for Plaintiff's claims.[24] According to Grace Way, the value of the vessel should be assessed based on the amount of money that would be received if the Vessel were sold at a United States Marshal's Service ("USMS") Auction. [25] Grace Way submits a valuation it obtained from Sabine Surveyors, Ltd., stating that in the USMS auction context the vessel would be worth $2,833,000.[26]

Finally, Grace Way argues that it should not have to post security twice for the claims of the intervenor that are duplicative of the claims of Plaintiff.[27] Grace Way asserts that the

---

[20] *Id.*

[21] *Id.*

[22] *Id.* at 8.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* at 9.

intervenor should be ordered to present an accurate claim that allows Grace Way to only have to post security once for any "fairly stated" claims.[28] Therefore, Grace Way requests that the Court set the amount of security to obtain the release of the vessel at $1,000,000.[29] Alternatively, Grace Way contends that security should not exceed $2,833,000, the value of the Vessel if sold at a USMS Auction.[30]

**B.    *Plaintiff's Arguments in Opposition to Setting Security in the Amount Requested by Grace Way*[31]**

Plaintiff objects to the posting of security in an amount less than $10,000,000.[32] Plaintiff asserts that if "the Court sets security at $10,000,000, the Court can reduce it after discovery but, if the Court sets it too low, due to the ship owner's limited appearance, the Court cannot increase it."[33] Plaintiff asserts that both parties are protected if security is set in the amount of $10,000,000, because the Court can allow the vessel owner to seek a reduction of security if discovery shows that security should be lowered.[34] Furthermore, Plaintiff contends that comparisons to sales prices received after a USMS Auction are inapplicable because Grace Way seeks to post security and have the Vessel continue its commercial operation.[35] Therefore,

---

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] Intervenor Agri Port Services, LLC joins the opposition. For ease of reference, the Court refers to the opposing party herein as Plaintiff.

[32] Rec. Doc. 33 at 3.

[33] *Id.*

[34] *Id.*

[35] *Id.*

Plaintiff argues that the Court should consider the value of the vessel to be the sale value in a general sale, which Plaintiff argues is $10,000,000 based on the valuation of its expert.[36]

### III. Law and Analysis

Pursuant to Supplemental Admiralty Rule E(5)(a), property restrained in rem may be released on the giving of security "sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (i) twice the amount of the plaintiff's claim or (ii) the value of the property on due appraisement, whichever is smaller." Rule E(5)(a) also states that "[t]he bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 per cent per annum."

"Where the parties cannot agree on the amount of the bond, the 'fairly stated' standard controls the amount the court sets for the bond."[37] The Rule provides no further instructions on calculating the reasonable value of the plaintiff's claims and "guiding standards are sparse."[38] "[B]ecause the ultimate recovery against the vessel is limited to the amount of the bond, courts tend 'to err on the high side' in setting the bond amount."[39]

In the Amended Complaint, Plaintiff alleges that  prior to entering the berth, the Master of the Vessel and the agent for the vessel signed an Application for Berth Ocean Going Vessels, agreeing to follow and comply with the American River Transportation Co. LLC d/b/a ARTCO Stevedoring Published Ship Mooring & Associated Fees and Rules ("ARTCO Stevedoring

---

[36] *See* Rec. Doc. 33-9. Plaintiff also states that the valuation of Grace Way's own expert arrived at a similar value for a general sale at $9,597,000. Rec. Doc. 33 at 3.

[37] *Billfish Marina One, Inc. v. M/Y HIDEAWAY*, No. 16-62729, 2017 WL 4351454, at *2 (S.D. Fla. Jan. 23, 2017) (citing *Barnett Bank, N.A. v. Tug Chauncey*, No. 98-848, 1999 WL 1044822, at *3 (M.D. Fla. July 14, 1999)).

[38] *Id.* (quoting *20th Century Fox Film Corp. v. M.V. Ship Agencies, Inc.*, 992 F. Supp. 1429, 1430 (M.D. Fla. 1997) (citing 7A Moores Federal Practice 2d Ed., ¶ E.13[2] at E–613)).

[39] *Id.* (quoting *20th Century Fox Film Corp*, 992 F. Supp. at 1434).

Rules").[40] According to the Amended Complaint, the ARTCO Stevedoring Rules include a provision stating that a vessel must vacate a berth within three hours after cargo operations are complete or Plaintiff would be entitled to recover as liquidated damages $7,500 per hour "regardless of any intervening circumstances of any nature, until the vessel sails from the berth."[41] Plaintiff alleges that the Vessel has not vacated the berth because the Vessel's anchor was lost in the berth and has not been recovered.[42] Plaintiff asserts that efforts to recover the anchor are being made, but it is unknown how long the berth will be shut down.[43] The Amended Complaint seeks to recover damages for Plaintiff's "ongoing loss of use of its berth, in an amount yet to be determined."[44] Plaintiff also seeks recovery of damages for costs and expenses incurred "due to indemnity for the anchor and for costs in recovering the anchor and loss of use of the berth."[45]

Grace Way contends that Plaintiff's claim for damages in the amount of $7,500 per hour from March 20, 2019 through the foreseeable future is not a claim that is "fairly stated" because Plaintiff chose to close the berth indefinitely and has failed to mitigate damages.[46] Grace Way's argument regarding mitigation of damages is a defense that it may raise at trial, not an issue to be decided by Court in setting security. Plaintiff's claim "fairly stated" is for damages in the amount of $7,500 per hour from March 20, 2019 until the anchor is recovered based on the Vessel's

---

[40] Rec. Doc. 13 at 2.

[41] *Id.* at 2–3.

[42] *Id.* at 4.

[43] *Id.*

[44] *Id.* at 6.

[45] Rec. Doc. 24-1 at 6.

[46] *Id.* at 6.

failure to vacate the berth. Plaintiff has filed a Second Amended Complaint clarifying that the damages to date are estimated to be at least $6,000,000.[47] Therefore, it is clear that the sum of twice the value of Plaintiff's claim exceeds the valuation of the vessel. Accordingly, the Court will set security as the value of the Vessel "on due appraisement."

Plaintiff presents a valuation from English White Shipping Limited, which states that as of March 22, 2019, "assum[ing] the vessel [is] free of charter, in seaworthy condition, capable of proceeding under her own power, in average condition for her age and in Class," the sound value would be "about" $10,000,000.[48] Grace Way presents a valuation prepared by Sabine Surveyors, Ltd., stating that the current fair market value of the Vessel is $9,597,000.[49] However, Sabine Surveyors also estimated that the value of the Vessel if sold at a USMS Auction would be $2,833,000.[50] Grace Way contends that this valuation should control, but it presents no authority to support this assertion. Grace Way seeks to post security to allow the Vessel to leave the district and continue its prior commercial operations. Supplemental Admiralty Rule E(5)(a) provides for the posting of security in an amount not to exceed the value of the Vessel on due appraisement, not the amount of money that would be collected through a forced judicial auction. Accordingly, because both appraisers agree that the fair market value of the Vessel is between $9,597,000 and $10,000,000, the Court will set the amount of security at $10,000,000.

Finally, the Court notes that Supplemental Admiralty Rule E(6) provides that "[w]henever security is taken the court may, on motion and hearing, for good cause shown,

---

[47] Rec. Doc. 29-2.

[48] Rec. Doc. 33-9.

[49] Rec. Doc. 24-2 at 28.

[50] *Id.* at 29.

reduce the amount of security given." Therefore, if circumstances change justifying the reduction of security, Grace Way may file a motion to reduce the amount of security given.

## IV. Conclusion

Based on the foregoing, the Court grants Grace Way's motion to the extent it requests that the Court set security in this matter. The Court denies Grace Way's request that security be set in the amount of $1,000,000. Considering that valuations submitted by the parties, the Court finds that the value of the Vessel "on due appraisement" is $10,000,0000. Therefore, the Court sets security in the amount of is $10,000,0000.  Accordingly,

**IT IS HEREBY ORDERED** Grace Way Shipping Ltd.'s "Emergency Motion to Set Security Pursuant to Supplemental Rule E(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure"[51] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the in rem Defendant M/V ORIENT RISE is to be released upon the posting of substitute security in the amount of $10,000,000. If circumstances change justifying the reduction of security, Grace Way may file a motion to reduce the amount of security given.

**NEW ORLEANS, LOUISIANA**, this 5th  day of April, 2019.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[51] Rec. Doc. 24.