UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMERICAN RIVER TRANSPORTATION CO., LLC d/b/a ARTCO STEVEDORING<br><br>VERSUS<br><br>M/V ORIENT RISE, her engines, tackle, apparel, etc., *in rem* | CIVIL ACTION NO.: 2:19-cv-02673<br>Admiralty – Rule 9(h)<br><br>SECTION G ǀ DIVISION 3<br><br>JUDGE BROWN<br><br>MAGISTRATE DOUGLAS |

## JOINT STATUS REPORT

**NOW INTO COURT**, through undersigned counsel, come all parties, American River Transportation Co., LLC d/b/a ARTCO Stevedoring ("ARTCO"), Agri Port Services, LLC ("APS"), Registered Owners (Grace Way Shipping Ltd), Demise Charterers (Lucky Rise Pacific Ltd) and Disponent Owners (Tongli Shipping Pte. Ltd) (collectively "Owners"), and Crescent Towing & Salvage Co., Inc. ("Crescent"), and respectfully submit this Joint Status Report as per the Court's Minute Entry of February 10, 2021. [Rec. Doc. No. 78].

### *Background*

This is an action instituted by American River Transportation Co., LLC d/b/a ARTCO Stevedoring ("ARTCO") in order to enforce an alleged maritime lien against the *in rem* Defendant, M/V ORIENT RISE, arising out of the vessel's call to ARTCO's mid-stream buoy berth located at Mile Marker 121(lower berth) in the Lower Mississippi River. While at the berth, the M/V ORIENT RISE's anchor chain broke, leaving its anchor in the vicinity of the berth. M/V ORIENT RISE left the berth, attached a new anchor, completed discharging cargo, caught what is believed by ARTCO to be its lost anchor chain with its replacement starboard anchor, had control of it but then let it go or lost control and it dropped to the bottom in the berth, after which ARTCO closed its berth for a period of time and filed this Civil Action. Owners deny ARTCO's allegation that

the replacement anchor came into contact with the original anchor chain which has never been recovered.

Owners made a claim to the *in rem* Defendant vessel, denied liability to ARTCO, and argued that ARTCO failed to mitigate its alleged damages. Owners also asserted counterclaims against ARTCO for damages sustained by them during the subject call, and asserted a third-party claim and Rule 14(c) tender against Crescent claiming the ARTCO berth was unsafe and/or Crescent's tug failed to properly hold the M/V ORIENT RISE in the berth. Crescent denies all allegations asserted against it. Agriport, the ship agent intervened to get its charges paid and the defendants counterclaimed against Intervenor. Intervenor's charges have since been paid by Bunge Corp and the parties should mutually dismiss all claims by/against Agriport.

### *Motions*

The following Motions are pending:

1. Defendants filed a Motion to Compel which is set for hearing on March 31, 2021.

### *Dates*

Pre-Trial Conference: January 6, 2022 at 4:00 p.m.

Non-Jury Trial: January 24, 2022 (Estimated to be 4 Days)

### *Factual and Legal Issues in Dispute*

1. Liability *in rem* under Federal Maritime Lien Act.

2. Reason for starboard anchor chain failure.

3. Alleged violation of Captain of the Port Order by crew who let go of anchor chain in berth.

4. Alleged negligent repair of stopper by uncertified crew welder.

5. Whether U.S. provider of services to unload cargo is entitled to recovery under 46 U.S.C. §34341 where the rates were agreed by Agent, Master, and Charterer, Bunge, who has not filed a claim as owner.

6. Whether the following cause/contributed to parted anchor chain: alleged failure of crew to tend lines, alleged poor condition of lines, alleged defective anchor chain stopper, alleged crew negligence, alleged crew lack of experience at high river.

7. Amount of recovery due to vessel delays in Mile 121 upper berth and shut down of berth after departure of ship when it allegedly left its anchor and chain in berth.

8. Whether the issues experienced by the M/V ORIENT RISE at ARTCO's berth are attributable to the berth being unsafe and/or negligence/unseaworthiness of Crescent's tugs for failing to properly hold the M/V ORIENT RISE in the berth.

9. Whether the claimed tariff rate of $7,500 per hour is an unenforceable penalty and/or is inflated beyond ARTCO's actual losses.

10. Whether ARTCO failed to mitigate its damages by keeping the berth closed for as long as it did.

11. Whether destructive testing of the anchor chain link is necessary.

12. Whether ARTCO met its obligation to ensure the area under its berth was clear of obstructions and hazards to navigation.

13. The amount of recovery due and owing to the M/V ORIENT RISE as a result of the fault of ARTCO and Crescent.

14. Whether the condition of the anchor stopper had any impact on the anchor chain.

*Discovery*

Fact discovery is ongoing, but the parties have sufficient information to negotiate settlement. ARTCO has not received any information on the counterclaim and will seek discovery on that issue if necessary.

*Settlement*

The parties are actively negotiating settlement.

RESPECTFULLY SUBMITTED:

    */s/ T. Patrick O'Leary*
Andrew S. de Klerk (LA 1045)
T. Patrick O'Leary (LA 30655)
W. Jacob Gardner, Jr. (LA 30511)
Brandon K. Thibodeaux (LA 32725)
FRILOT L.L.C.
3800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3700
504/599-8010 Phone
504/599-8110 Fax
adeklerk@frilot.com
poleary@frilot.com
jgardner@frilot.com
bthibodeaux@frilot.com
*Counsel for Registered Owners (Grace Way Shipping Ltd), Demise Charterers (Lucky Rise Pacific Ltd) and Disponent Owners (Tongli Shipping Pte. Ltd)*

-and-

      */s/ David M. Flotte*
DAVID M. FLOTTE, T.A. (#1364)
MARCELLE P. MOULEDOUX (#30339)
KEVIN M. FREY (#35133)
AUSTIN GLASCOE (#38236)
SALLEY, HITE, MERCER & RESOR, LLC
365 Canal Street, Suite 1710
New Orleans, LA 70130
Tel.: (504) 566-8800
Fax: (504) 566-8828
dflotte@shrmlaw.com
mmouledoux@shrmlaw.com
kfrey@shmrlaw.com
aglascoe@shmrlaw.com
*Counsel for American River Transportation Co. LLC d/b/a ARTCO Stevedoring*

-and-

      */s/ André J. Mouledoux*
ANDRÉ J. MOULEDOUX (#9778)
DANIEL J. HOERNER (#21706)
MOULEDOUX, BLAND, LEGRAND & BRACKETT
701 Poydras Street, Suite 4150
New Orleans, LA 70139
Tel.: (504) 595-3000
Fax: (504) 522-2121
amouledoux@mblb.com
dhoerner@mblb.com
*Counsel for Crescent Towing & Salvage Co., Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 26, 2021, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all person electronically noticed.

      */s/ David M. Flotte*